This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Mark A. Ward, has appealed from his conviction in the Lorain County Court of Common Pleas for escape. This Court affirms.
The trial court placed Defendant on post-release control after his release from prison where he had served a ten-month sentence for convictions for failure to comply with a signal or order of a police officer, no operator's license, and reckless operation. Defendant failed to comply with the conditions of his release and the trial court revoked Defendant's post-release control and sentenced him to a period of ninety days in prison. Subsequently, Defendant was charged with escape, a violation of R.C. 2921.34(A)(1). Defendant entered a plea of no contest and the trial court sentenced him to a term of ten months in prison. Defendant timely appealed asserting three assignments of error, which have been consolidated for ease of review.
 ASSIGNMENT OF ERROR I The trial court erred, and to the prejudice of [Defendant], by imposing a criminal sanction against [Defendant] for the charge of escape, R.C. 2921.34(A)(1), when [Defendant] had previously been sanctioned by the state for the identical course of conduct by being sent to prison for a parole violation.
 ASSIGNMENT OF ERROR II The trial court erred, and to the prejudice of [Defendant], by imposing a criminal sanction against [Defendant] for a post release control violation for failing to report to his parole officer and another sanction for the exact same course of conduct for the charge of escape when the post release control revocation would be a lessor included charge of escape as the same elements must be satisfied for both charges.
 ASSIGNMENT OF ERROR III The trial court erred, and to the prejudice of [Defendant], by imposing a criminal sanction against [Defendant] for a post release control violation for failing to report to this parole officer and another sanction for the exact same course of conduct for the charge of escape when the post release control violation is an allied offense to escape as the elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other and thus violate the proscription of R.C. 2941.25.
In his first assignment of error, Defendant has asserted that his conviction for escape violates the Double Jeopardy Clause because he was previously sanctioned for his parole violation. In his second assignment of error, Defendant has argued that it was an error to charge Defendant twice for the same course of conduct because the post-release control violation is a lesser-included offense of escape. Lastly, Defendant has contended that a sanction for a post-release control violation and a charge of escape are allied offenses. This Court rejects Defendant's arguments based on State v. Fairley (Apr. 4, 2001), Lorain App. No. 00CA007675, unreported, at 2-3. See, also, State v. Snowden (Apr. 4, 2001), Lorain App. No. 00CA007711, unreported. Accordingly, Defendant's three assignments of error are without merit.
Defendant's three assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ LYNN C. SLABY
BATCHELDER, P.J., WHITMORE, J. CONCUR.